ALLEN HADELMAN *v.* DONALD B. ALDERMAN ET AL.
(3198)

SPALLONE, DALY and McKEEVER, Js.

Argued May 24—decision released July 30, 1985

*Robert G. Wetmore,* with whom, on the brief, was *Edward L. Marcus,* for the appellants (defendants).

*L. Douglas Shrader,* for the appellee (plaintiff).

PER CURIAM. The defendants, Donald B. Alderman and the Vascular Surgery Group Pension Trust, have

appealed from a judgment of the trial court confirming an arbitration award in favor of the plaintiff, Allen Hadelman.[1]

The panel of arbitrators, selected by and sitting pursuant to the constitution and rules of the board of directors of the New York Stock Exchange, Inc., denied all claims made by the defendants, and taxed costs solely against Shearson/American Express, Inc., which is not a party to this appeal. The plaintiff then applied to the Superior Court for confirmation of the arbitration award. The defendants objected to confirmation of the award because of a letter received by the defendant Alderman, subsequent to the arbitration award and prior to the application for confirmation, putting him on notice that the plaintiff would look to him for legal fees and costs incurred as a result of the arbitration claim.

Before consenting to confirmation of the award, the defendants sought a stipulation by all parties that no action would be taken by the plaintiff to recover such legal fees and costs or, in the alternative, sought a condition to be imposed by the court by virtue of its inherent equitable power to such effect. The plaintiff refused to so stipulate and the trial court, in confirming the award, imposed no such condition. The defendants cite no authority for the proposition that the court's inherent powers would allow it to do other than to confirm an arbitration award except as allowed by statute.

Once a party has applied properly to the court for an order confirming an award, pursuant to General Statutes § 52-421, the court "shall grant such an order confirming the award unless the award is vacated,

---

[1] Although the defendants raised five issues in their preliminary statement of issues, they have briefed only one. Issues not briefed must be considered abandoned. *Greene* v. *Metals Selling Corporation,* 3 Conn. App. 40, 42 n.2, 484 A.2d 478 (1984).

modified or corrected as prescribed in sections 52-418 and 52-419." General Statutes § 52-417. No claim is made by the defendants that the award suffered from any of the defects described in General Statutes §§ 52-418 or 52-419. Absent any showing of such a defect, the trial court properly confirmed the award.

There is no error.