LAMBERTO LUCARELLI *v.* FREEDOM OF INFORMATION
COMMISSION ET AL.
(10925)

DALY, FOTI and LAVERY, Js.

Argued September 16—decision released November 24, 1992

*Lamberto Lucarelli,* pro se, the appellant (plaintiff).

*Colleen M. Murphy,* commission counsel, with whom
were *Ralph E. Urban,* assistant attorney general, and,
on the brief, *Mitchell W. Pearlman,* for the appellees
(defendants).

LAVERY, J. The pro se plaintiff appeals from a deci-
sion of the Superior Court dismissing his appeal of a
decision issued by the freedom of information commis-
sion. The commission had previously dismissed the

plaintiff's application, basing its decision on the fact that the plaintiff and counsel for the parties[1] from whom the plaintiff had requested information reached a settlement agreement prior to a full hearing on the matter. The trial court dismissed the plaintiff's appeal from the final decision of the commission, reasoning that the plaintiff was not aggrieved by the commission's decision, and that the plaintiff had not exhausted his administrative remedies. We dismiss the appeal on jurisdictional grounds because there is no justiciable issue before us and the appeal is moot.[2]

The trial court relied upon the following facts and procedural history in rendering its decision. In March and April of 1990, the plaintiff requested by letter any and all information regarding him in the possession of Assistant Attorney General Paul Shapiro and the other defendants. The plaintiff claimed to be indigent, and asked that the documents be provided free of charge. See General Statutes § 1-15. Shapiro responded that the plaintiff's statement of indigence was not sufficient, and that he could not waive the statutory fee for reproducing the documents. The plaintiff appealed to the commission in April, 1990, alleging the denial of his request for records. The complaint was docketed as FIC 90-148. A hearing was scheduled on the matter before Commissioner Gloria Schaffer on August 2,

[1] Those parties are Charles Oliver, Andrew Canzonetti, Milton R. Stem, Giovanni Sinicropi, Robert Dombroski, Jose Luis Coy, office of the president, University of Connecticut, and office of the vice president for academic affairs, University of Connecticut. The individuals are present and former employees of the University of Connecticut. These parties, as well as Assistant Attorney General Paul M. Shapiro, are named as additional defendants in this appeal.

[2] Although neither party has raised the issues of standing and mootness, we do so sua sponte because those concepts implicate this court's subject matter jurisdiction and therefore must be addressed. See *Daly* v. *DelPonte*, 27 Conn. App. 495, 608 A.2d 93, cert. denied, 223 Conn. 903, 610 A.2d 177 (1992); *Planning & Zoning Commission* v. *Gaal*, 9 Conn. App. 538, 520 A.2d 246, cert. denied, 203 Conn. 803, 522 A.2d 294 (1987).

1990. The plaintiff was present on that date, as well as Shapiro and commission counsel Constance Chambers. At the hearing, after Shapiro conceded that the plaintiff had a right to the documents he was seeking, the sole issue remaining was whether the plaintiff qualified as an indigent person.[3] After some discussion, Shapiro agreed to provide the material free of charge in one week's time. The plaintiff agreed that, if he was not satisfied with the materials, he would file another complaint with the commission. On January 23, 1991, the commission dismissed the plaintiff's complaint, in accordance with Commissioner Schaffer's recommendation, which stated: "The above-captioned matter was scheduled as a contested case on August 2, 1990, at which time the complainant [plaintiff] and the respondent [Shapiro] appeared. Prior to a hearing on the matter the parties reached an agreement. The following order by the commission is hereby recommended on the basis of the record concerning the above-captioned complaint. 1. The complaint is hereby dismissed."

Meanwhile, Shapiro delivered the documents, 825 pages of them, to the commission as agreed, waiving the normal fifty-cent per page fee. The plaintiff claimed that some of the materials were missing. After corresponding with Shapiro and pursuant to the agreement reached at the commission hearing, the plaintiff filed nine new complaints with the commission, docketed as FIC 90-390 through FIC 90-398, seeking the allegedly missing documents.

[3] The following exchange occurred at the August 2, 1990 hearing:

"[Hearing officer Gloria] Schaffer: [to commission counsel Constance Chambers] you're going on the assumption that Mr. Shapiro for the University of Connecticut has really conceded that these are documents that are available?

"[Assistant Attorney General Paul M.] Shapiro: No question, no question, and I'll state it right on the record that he has a right to documents in the possession of the university that concern him.

"Schaffer: It's just a question of whether he pays for them or not."

In March of 1991, the plaintiff filed an administrative appeal in the Middlesex judicial district. The plaintiff appealed the dismissal of the original complaint, FIC 90-148, and sought review of the commission's action on FIC 90-390 through FIC 90-398. On a motion by the named defendant, the appeal of the original complaint was dismissed as late, and the appeal of the subsequent complaints was dismissed because the complaints were still pending before the commission. On July 1, 1991, the trial court reinstated the appeal of the original complaint on a motion of the plaintiff, but the dismissal of the appeal with regard to FIC 90-390 through FIC 90-398 remained undisturbed.

On September 25, 1991, the commission notified the plaintiff of its final decision to dismiss his second set of complaints, FIC 90-390 through FIC 90-398. The trial court dismissed the appeal of the original commission complaint again on October 22, giving rise to this appeal. Nine days later, the plaintiff commenced a new administrative appeal of the commission's dismissal of FIC 90-390 through FIC 90-398.[4] This appeal of the trial court's October 22, 1991 order was filed with this court on December 20, 1991.

There is no practical relief we can grant in this appeal since the injury the plaintiff complained of in FIC 90-148 and the redress sought have been resolved in the plaintiff's favor. The plaintiff sought copies of all documents concerning him from Shapiro, the six University of Connecticut employees, and two university offices to which the plaintiff was entitled access.

---

[4] The second appeal by the plaintiff in the Middlesex judicial district of FIC 90-390 through FIC 90-398, of which we take judicial notice, was dismissed on November 6, 1991, and was not docketed by the Superior Court. We also take judicial notice of a third administrative appeal, relating to these same matters, which was docketed by the Middlesex judicial district as CV 91-0063703S, and a civil action against the same defendants, and relating to the same issues, commenced by the plaintiff in the Middlesex judicial district and docketed as CV 91-0060595S.

At the commission hearing before Commissioner Schaffer, the defendants agreed that the plaintiff was entitled to copies of all the documents and that he would be given indigent status and a waiver to any fee charge for the copies. The agreement reached by the parties at the commission hearing is to be construed and regarded as a binding contract. *Albrecht* v. *Albrecht,* 19 Conn. App. 146, 152, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989); *Caracansi* v. *Caracansi,* 4 Conn. App. 645, 650, 496 A.2d 225, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985). The plaintiff received all the relief he was seeking.

Our Supreme Court said in *Connecticut Foundry Co.* v. *International Ladies Garment Workers' Union,* 177 Conn. 17, 19, 411 A.2d 1 (1979): " 'It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.' *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 [1944]; *Phaneuf* v. *Commissioner of Motor Vehicles,* 166 Conn. 449, 452, 352 A.2d 291 [1974]; *Harkins* v. *Driscoll,* 165 Conn. 407, 409, 334 A.2d 901 [1973]; *Roy* v. *Mulcahy,* 161 Conn. 324, 328, 288 A.2d 64 [1971]; Maltbie, Conn. App. Proc. § 21. In the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law; *Reply of the Judges,* 33 Conn. 586 [1867]; and where the question presented is purely academic, we must refuse to entertain the appeal. *Young* v. *Tynan,* 148 Conn. 456, 459, 172 A.2d 190 [1961]."

The plaintiff maintains that he has not obtained all of the documents he requested. Pursuant to the agreement he reached with the commission, the plaintiff

brought further complaints to the defendant commission, docketed as FIC 90-390 through FIC 90-398, complaining that he did not receive all of the documents to which he was entitled. The only controversy before us is FIC 90-148, in which the plaintiff was given all the relief he requested in his complaint. Because at the time this administrative appeal was brought FIC 90-390 through FIC 90-398 had not been heard by the commissioner, they were not final judgments and not appealable; therefore, the plaintiff had not exhausted his administrative remedy. "[W]hen an adequate administrative remedy is provided by law, it should be exhausted." *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson,* 173 Conn. 352, 357, 377 A.2d 1099 (1977); *Butzgy* v. *Glastonbury,* 203 Conn. 109, 523 A.2d 1258 (1987). This appeal, therefore, must be dismissed on the ground of mootness as there is no relief we can give since the plaintiff received everything he sought in FIC 90-148.

The appeal is dismissed as moot.

In this opinion the other judges concurred.