## AMALGAMATED TRANSIT UNION LOCAL 1588 *v.* LAIDLAW TRANSIT, INC.
## (11913)

DALY, LANDAU and FREEDMAN, JS.

Argued September 14—decision released October 15, 1993

*Leon M. Rosenblatt,* for the appellant (plaintiff).

*Duncan Ross MacKay,* with whom, on the brief, was *Jean Tomasco,* for the appellee (defendant).

1

FREEDMAN, J. The plaintiff, Amalgamated Transit Union Local 1588,[1] appeals from the judgment of the trial court confirming an arbitration award and finding that the defendant, Laidlaw Transit, Inc., had complied with the award. The plaintiff claims that the trial court improperly found that the defendant had complied with the award. In its reply brief and again at oral argument, the plaintiff conceded that during the pendency of this appeal union member June Collins had been reinstated to the position to which she claimed she was entitled as a result of the arbitration award. We hold that the trial court exceeded its authority when it found that the defendant had complied with the award, and that, with respect to the confirmation, the appeal is moot.

The relevant facts are as follows. On February 6, 1991, Collins was terminated by the defendant from her job as a school van driver in South Windsor. Collins took a medical leave of absence on October 8, 1990. While Collins was out on leave, the South Windsor school district learned that Collins was undergoing alcohol rehabilitation. The school district notified the defendant that Collins could not drive a South Windsor route when she returned to work. On January 23, 1991, Collins' physician released Collins to return to work, stating that she could safely perform her duties as a school van driver. Because of the position taken by the South Windsor school district, however, the defendant would not allow Collins to drive in South Windsor. The plaintiff and Collins refused to accept any other assignment.

The plaintiff, on behalf of Collins, filed a grievance against the defendant. When the grievance was not settled, the plaintiff filed for arbitration before the state

---

[1] The plaintiff union is the collective bargaining representative for its union member, June Collins.

board of mediation and arbitration.[2] The panel of arbitrators unanimously found for the plaintiff and ordered that Collins "be reinstated to her position, with her seniority and all other rights, and she shall be compensated for all lost earnings, less any other monies she may have earned or any unemployment compensation." Thereafter, the defendant continued to refuse to return Collins to her previous route in South Windsor but repeatedly offered her routes in other districts.

On June 23, 1992, the plaintiff filed an application with the trial court to confirm the award of the arbitration panel pursuant to General Statutes § 52-417.[3] The trial court confirmed the award, and further found that the defendant had complied with the award by offering Collins substantially similar routes. The plaintiff appeals from the judgment of the trial court.

I

With respect to the trial court's finding that the defendant had complied with the arbitration award, the trial court exceeded its authority. It engaged in a fact-finding hearing to determine the issue of compliance by the defendant, and then concluded that the defendant had complied.

General Statutes § 52-417 provides that in ruling on an application to confirm an arbitration award "[t]he court or judge *shall* grant such an order confirming the award *unless* the award is vacated, modified or cor-

---

[2] Arbitration was the final step under the grievance procedure set forth in the contract between the plaintiff and the defendant.

[3] General Statutes § 52-417 provides in pertinent part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

rected as prescribed in sections 52-418[4] and 52-419."[5] (Emphasis added.) The trial court lacks any discretion in confirming the arbitration award unless the award suffers from any of the defects described in General Statutes §§ 52-418 and 52-419. *Von Langendorff* v. *Riordan,* 147 Conn. 524, 528–29, 163 A.2d 100 (1960); *Hadelman* v. *Alderman,* 4 Conn. App. 577, 578–79, 495 A.2d 739 (1985). Furthermore, if a motion to vacate, modify or correct is not made within the thirty day time limit specified in General Statutes § 52-420,[6] the award may not thereafter be attacked on any of the grounds specified in §§ 52-418 and 52-419. *Vail* v. *American Way Homes, Inc.,* 181 Conn. 449, 452–53, 435 A.2d 993 (1980); *Local 1078* v. *Anaconda American Brass Co.,* 149 Conn. 687, 691, 183 A.2d 623 (1962). In this case, the defendant did not move to vacate, modify or correct the arbitration award. The trial court, therefore,

---

[4] General Statutes § 52-418 (a) provides in pertinent part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[5] General Statutes § 52-419 (a) provides in pertinent part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy."

[6] General Statutes § 52-420 (b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."

had no choice but to confirm the award. *International Brotherhood of Teamsters* v. *Trudon & Platt Motor Lines, Inc.,* 146 Conn. 17, 21, 147 A.2d 484 (1958).

In addition to confirming the arbitration award, however, the trial court went further and found that the defendant had complied with the award. The trial court did not have the authority to make such a finding. General Statutes § 52-417 sets forth the authority of the trial court in ruling on an application to confirm an arbitration award. The statute contains no provision for finding facts or resolving additional issues. The court may only confirm the award, unless the award suffered from any of the defects described in General Statutes §§ 52-418 and 52-419.

The defendant argues, however, that in addition to confirming the award pursuant to General Statutes § 52-417, the language of General Statutes § 52-421 (b) also applies. General Statutes § 52-421 (b) allows the trial court, "[w]hen the award requires the performance of any other act than the payment of money . . . [to] direct the enforcement thereof in the manner provided by law for the enforcement of equitable decrees." The defendant posits that this would allow the trial court to make the finding that the defendant had complied with the award. We disagree. Finding that the defendant complied with the award is not the same as directing the manner of enforcing the award. We conclude, therefore, that the trial court exceeded its authority in finding that the defendant had complied with the award.

## II

Having disposed of the only viable issue, we now analyze the confirmation. It is well established that an appeal is moot when there no longer exists an actual controversy between the parties or when the court can no longer grant any relief. *Shays* v. *Local Grievance*

*Committee,* 197 Conn. 566, 571, 499 A.2d 1158 (1985); *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944). Action of the parties themselves may render an appeal moot. *Sobocinski* v. *Freedom of Information Commission,* 213 Conn. 126, 134, 566 A.2d 703 (1989). Furthermore, where the relief sought by an appellant has already been granted, the appeal is subject to dismissal as moot. *Lucarelli* v. *Freedom of Information Commission,* 29 Conn. App. 547, 551, 616 A.2d 816 (1992), cert. denied, 225 Conn. 901, 621 A.2d 284 (1993).

In this case, because Collins has been reinstated to her previous position of van driver in South Windsor, the appeal is moot as to any issue regarding confirmation of the award and must be dismissed.

The appeal is dismissed in part and the judgment is vacated as to that portion that states that the defendant had complied with the arbitration award.

In this opinion the other judges concurred.