[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO MODIFY, CORRECT OR VACATE ARBITRATION AWARD: CROSS-MOTION TO CONFIRM AWARD AND FOR SANCTIONS #101
The plaintiff, R. Marcus Lane (Lane), seeks to modify, correct or vacate an arbitration award $32,139.30 entered in favor of the defendant, Eric Grayson, (Grayson). Lane alleges that the award is illegal and violates public policy because the arbitration panel disregarded the legal principle that ambiguities in contracts must be construed against the drafter.
When arbitration is voluntary and the submission is unrestricted, like in the present case, the standard of review is limited to whether the award conformed to the submission.Bridgeport v. Connecticut Police Department Employees Local 1159,32 Conn. App. 289, 292-93, 628 A.2d 1336, cert. denied,227 Conn. 925, 632 A.2d 703 (1993). "Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will CT Page 8247 not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Internal quotation marks omitted.)Watertown Police Union Local 541 v. Watertown, 210 Conn. 333,339, 555 A.2d 406 (1989).
The Supreme Court, however, has recognized three grounds for vacating an award even in the case of an unrestricted submission: "(1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . (3) the award contravenes one or more of the statutory proscriptions of 52-418."Garrity v. McCaskey, 223 Conn. 1, 6, 612 A.2d 742 (1992). Lane asserts (2) and (3) as bases for his application in this case.
Public Policy:
"When a challenge to the arbitrator's authority is made on public policy, rounds, however, the court is not concerned with the correctness of the arbitrator's decision but with the lawfulness of enforcing the award. . . . Accordingly, the public policy exception to arbitral authority should be narrowly construed and [a] court's refusal to enforce an arbitrator's interpretation of [retainer agreements] is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant. . . . The party challenging the award bears the burden of proving that illegality or conflict with public policy is clearly demonstrated. . . . therefore, given the narrow scope of the public policy limitation on arbitral authority, the plaintiff can prevail in the present case only if [he] demonstrates that the [panel's] award clearly violates an established public policy mandate." (Citations omitted; emphasis added; internal quotation marks omitted.)Watertown Police Union Local 541 v. Watertown, supra,210 Conn. 340-41.
Lane has failed to meet this heavy burden. The panel found that the retainer agreement was clear and unambiguous as to the fee arrangement. Lane has failed to demonstrate that the contract as interpreted, and thus, the enforcement of this award, clearly violates a well defined public policy.
Illegality
In Garrity v. McCaskey, supra, 223 Conn. 1, the Supreme Court said that the contention that an arbitration award is in manifest CT Page 8248 disregard of the law, is encompassed in the statutory scheme for judicial review found in General Statutes § 52-418(a)(4).[1]
Id., 7. The court said that in construing General Statutes §52-418 (a)(4), the inquiry is whether the award is consistent with the submission. Id. The court additionally recognized that even if the award conformed to the submission, it may be rejected if it is the result of an arbitrator's "egregious misperformance of duty." Id. The court explained that an award should be rejected if the arbitrator had consulted a ouija board or demonstrated an infidelity to his obligation. Id., 7-8.
In the present case, the award conforms to the submission. In Grayson's Statement of Claim, he asserts that the question before the panel is the meaning of the retainer agreement. Likewise, Lane asserts in his statement in response that "[t]his case involves the terms of the retainer agreement. . . ." The award is based on the panel's interpretation of that retainer agreement.
Lane has presented no evidence that the panel egregiously misbehaved. Lane has not demonstrated that the panel egregiously or irrationally rejected clearly controlling legal principles. Id., 11. According to Lane, the panel improperly failed to construe "ambiguous" terms in the retainer agreement against Grayson, the drafter, in contravention of established legal principles. The panel, however, found the retainer agreement to be unambiguous. "Words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Internal quotation marks omitted.) Julian v.Liberty Mutual Ins. Co., 43 Conn. App. 281, 682 A.2d 611 (1996). The court, therefore, rejects Lane's illegality claim.
For the foregoing reasons, the application to modify, correct or vacate the arbitration award is denied.
Cross-motion to Confirm Award and for Sanctions:
The cross-motion to confirm the award is granted. "Once a party has applied properly to the court for an order confirming an award, pursuant to General Statutes § 52-421, the court `shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-118
and 52-119'" Hadelman v. Alderman, 4 Conn. App. 577, 578,495 A.2d 739 (1985). This court has already rejected Lane's application. The award, therefore, is confirmed.
The cross-motion for sanctions, however, is denied. CT Page 8249
MINTZ, J.