[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO CONFIRM ARBITRATION AWARD AND MOTION TO VACATE AWARD
CT Page 11755
The plaintiff, Robert Bahre, filed an application to confirm an arbitration award, pursuant to General Statutes § 52-417, on April 5, 1999. The defendant, M. Perry Hunter, filed a motion to vacate the arbitration award, pursuant to § 52-418, on May 7, 1999.
Bahre and Hunter entered into a contract on April 29, 1996. The contract provided that Bahre would purchase equipment from Hunter used in Hunter's "pipe tapping" business. Hunter agreed to instruct Bahre in the business of pipe taps, and not to compete with Bahre in the pipe tapping business for the municipal waterworks industry. Months after the parties executed the contract, a dispute arose concerning the covenant not to compete.
The parties submitted their contract dispute to an arbitrator, Attorney John Pickard, on June 26, 1997, and September 2, 1997. Attorney Pickard made an award on May 28, 1998. The award had three terms. First, Hunter was ordered to comply with his agreement to refer all small diameter cold tap customers to Bahre, and to cease and desist from referring customers to Bahre's competitors. Second, Hunter was ordered to comply with his agreement to act as "senior consultant" to Bahre and was ordered to cease and desist from acting as a consultant to Bahre's competitors or Hunter's former sources of referral on small diameter cold taps. Third, the penalty for violations of these orders shall be an amount equal to double the fee which Bahre would have received had he been able to do the job wrongfully referred to others. On June 1, 1998, Hunter received notice of the award.
General Statutes § 52-417 provides, in pertinent part, "[a]t any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides . . . to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."
General Statutes § 52-418(a) provides, in pertinent part, "[u]pon the application of any party to an arbitration, . . . CT Page 11756 [the court] shall make an order vacating the award if it finds any of the following defects: (1) [i]f the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." "[A] court may vacate an arbitration award on the ground that it rules on the constitutionality of a statute, violates a clear public policy or contravenes any of the statutory proscriptions of § 52-418(a)." Stratford.v.International Assn. of Firefighters, 248 Conn. 108, 125, (1999).
General Statutes § 52-420(b) states, "[n]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion. "If the motion is not filed within the thirty day time limit, the trial court does not have subject matter jurisdiction over the motion." Middlesex Ins. Co. v. Castellano,225 Conn. 339, 344, 623 A.2d 55 (1993). "If a motion to vacate, modify or correct is not made within the thirty day time limit specified in General Statutes 52-420, the award may not thereafter be attacked on any of the grounds specified in 52-418 and 52-419."Amalgamated Transit Union v. Laidlaw Transit, 33 Conn. App. 1, 4,632 A.2d 713 (1993).
Hunter filed his motion to vacate almost a year after he received notice of the arbitration award. He did not file his motion to vacate within the thirty-day period provided in §52-420(b). Therefore, the court cannot find that the arbitration award was defective under any of the four grounds listed in52-418(a). See Amalgamated Transit Union v. Laidlaw Transit,
supra, 33 Conn. App. 4.
Hunter also asserts that the arbitration award violates public policy because the award: enforces a covenant not to compete, enforces a personal services contract, and imposes a penalty for breach of contract. Violation of public policy is a valid common law ground for vacating an arbitration award. SeeStratford v. International Assn. of Firefighters, supra, CT Page 11757248 Conn. 125. Hunter cites the case of Shrader v. Zeldes, Needle Cooper, 45 Conn. Sup. 130, 702 A.2d 1214 (1997), in support of his public policy argument. That case held, "the law is clear that the public policy exception is a separate, common law basis for contesting an arbitration award independent of the provisions of the arbitration statutes . . . After careful consideration, this court, concludes that courts are required to review claims that an arbitration decision should not be confirmed because the award violates public policy even when these claims are not asserted within the thirty day time limitation period of §52-420(b)." Id., 133-34.[1]
The court in Shrader v. Zeldes, Needle Cooper, supra,45 Conn. Sup. 130, based its reasoning on Garrity v. McCaskey,223 Conn. 1, 612 A.2d 742 (1992). That case ruled, "[i]t is more appropriate to recognize that the power to determine the constitutionality of a statute and the power to strike an arbitration ruling as violative of public policy exist apart from any particular grant of authority from the legislative branch." Id., 6. Garrity v. McCaskey, supra, did not determine whether an untimely motion to vacate based on violations of public policy could be granted, and the Shrader decision cited by Hunter is not binding precedent. See McDonald v. Rowe, 43 Conn. App. 39, 43,682 A.2d 542 (1996)
The court finds that the clear language of § 52-420(b) leaves no discretion for the court to consider any of Hunter's grounds for vacating the arbitration award. General Statutes § 52-420(b) states that "no motion to vacate may be made" after thirty days from notice of the award to the moving party. Although there may be common law grounds a court can consider in a motion to vacate besides the four statutory grounds enumerated in § 52-418(a), the right to file a motion to vacate exists in a statutory provision. General Statutes § 52-420(b) confines the statutory right under §52-418 to a thirty-day period.
Hunter did not file a timely motion to vacate the award, and therefore, the motion to vacate the arbitration award is denied and the arbitration award is confirmed.
So Ordered.
THE COURT
Walter M. Pickett, Jr., J.T.R. CT Page 11758