[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Ethan Book, Jr. ("Book"), from a final decision of the defendant, Freedom of Information Commission ("FOIC"), dated October 8, 1997, regarding tax records of the defendant, Department of Revenue Services ("DRS"). (Return of Record ("ROR"), p. 76.) The plaintiff's appeal is authorized by General Statutes §§ 4-166
et seq. and 4-183 of the Uniform Administrative Procedure Act. For the reasons set forth below, the court finds the issues in favor of the defendant.
Beginning in April of 1996, Book requested information from the DRS regarding the gender of taxpayers who exercised their right to a tax refund hearing. After Book and DRS failed in negotiations for this information, Book filed a complaint with the FOIC on November 6, 1996. (ROR, p. 1.) On April 7, 1997, the FOIC issued a notice of hearing and order to show cause; (ROR, p. 18); and on May 1, 1997, the matter was heard as a contested case before hearing officer Clifton Leonhardt. (ROR., p. 26.)
On June 17, 1997, hearing officer Leonhardt issued a proposed decision dated May 27, 1997, concluding that the DRS did not retain the information on gender sought by Book. (ROR, pp. 56-57.) Trying to assist Book and, at the same time, being mindful of the statutory confidentiality requirement of taxpayers under General Statutes § 12-15, hearing officer Leonhardt recommended that Book be allowed copies of DRS final determination letters, excluding the disposition, last names and distinctive first names. Presumably Book would be able to determine the gender of tax appellants from the disclosed first names on the determination letters.
On June 17, 1997, the FOIC gave notice that the hearing officer's CT Page 6271 proposed decision would be consider by the commission on July 9, 1997. (ROR, p. 56.) On July 2, 1997, DRS filed a brief with the FOIC objecting to the proposed decision on the grounds that: (1.) DRS preferred to produce a list of first names and dispositions rather than undertake the lengthy task of redacting extensive information from the final determination letters; and (2.) the difficulty in ascertaining which of the first names were distinctive. (ROR, pp. 60-64.)
Thereafter, the parties met informally with hearing officer Leonhardt[1]
and reached an agreement in resolution of the contested case set forth in a second proposed decision dated August 26, 1997. The second proposed decision required DRS to tender a list of first names and dispositions in camera to tile FOIC and these names and dispositions would be released to Book, except for certain names that the FOIC determined were too distinctive. The second proposed decision also recited that the review by the FOIC of the distinctive names had been completed and listed the number of these names as they appeared on the in camera sheets. The second proposed decision complimented all parties for agreeing to resolve this matter and overcoming their prior differences. (ROR, p. 67.) Notice was given to all parties that the commission would consider the hearing officer's second proposed decision at its regular meeting on October 8, 1997. (ROR, p 66.) On October 1, 1997, Book objected to the hearing officer's proposed decision on the ground that the decision denied access to a large number of distinctive names.
The second proposed decision dated August 26, 1997 was considered and adopted in full by the commission as its final decision on October 8, 1997. (ROR, p. 75.) No changes were made to the second proposed decision, including the statement in the report that the parties had agreed to the disposition of the matter. The commission then dismissed Book's complaint. (ROR, p. 76.)
On November 7, 1997, Book timely filed an appeal[2] from the final decision of FOIC, alleging that the hearing on his complaint was not timely held by FOIC and that the excision of the distinctive names was in error. The court, however, is unable to reach the merits of the plaintiff's appeal.
The record clearly indicates that Book agreed on October 8, 1997 to proceed as set forth in the October 8, 1997 FOIC decision. This renders Book's appeal moot. See Lucarelli v. Freedom of Information Commission,29 Conn. App. 547, 550 (1992), cert. denied, 225 Conn. 901 (1993): "There is no practical relief we can grant in this appeal since the injury the plaintiff complained of in [the FOIC complaint] and the redress sought have been resolved in the plaintiff's favor." CT Page 6272
At oral argument, Book pointed to his October 1, 1997 objection, stating that he was not in agreement with the second proposed decision at the October 8, 1997 FOIC meeting. Nothing of record demonstrates that this was the actual situation on the date that FOIC acted on the final decision. As the plaintiff, Book had the burden to present to this court an adequate record for review. United Cable Television Services Corp. v.Department of Public Utility Control, 235 Conn. 334, 356 (1995)("The burden is on the appellant in an administrative appeal to present an adequate record for review by the trial court, as well as for review by this court"); New England Cable Television Assn., Inc. v. DPUC,247 Conn. 95, 118 (1993) (burden on the plaintiff to establish that the agency conclusions are not supported by record); Adriani v. Commissionon Human Rights Opportunities, 220 Conn. 307 (1991) (explaining mechanism to supplement agency record).[3] Based upon the administrative record, the plaintiff's appeal is dismissed as moot.
Henry S. Cohn, Judge