[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD AND DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD AND FOR JUDGMENT 
 FACTS[1]
CT Page 715
This matter is currently before the court on application by the plaintiff, National Association of Governmental Employees Union (NAGE), to vacate an arbitration award issued March 25, 1999, in favor of the defendant, Waterford board of education (board) and the defendant's motion to confirm the award. The arbitration arose from a dispute regarding whether the defendant violated article four, section four, and article nine, section four, of the parties' collective bargaining agreement[2] when it promoted an individual with less seniority than the grievant to the position of head custodian at Clark Lane Middle School.
On or about January 17, 1997, the defendant posted an announcement of vacancy for the position of group III head custodian at the Clark Lane Middle School. Interested and qualified individuals were advised to submit their applications by January 31, 1997, to William J. Coulliard, the director of building and grounds.
On January 21, 1997, the current union president, Evert Littlefield, submitted a letter of interest for the position of head custodian. In his letter, Littlefield stressed his ability to work with others and his experience at Clark Lane Middle School as factors supporting his application. At the time of his application, Littlefield had been employed by the board for seven to eight years and was employed as a group II custodian.
On January 27, 1997, the grievant, Peggy Mosley, submitted a letter of interest for the head custodian position. The grievant's letter stressed her thirteen and a half years experience as a custodian as a supporting factor for her application. The grievant was a group I custodian and had previously been employed at Clark Lane Middle School, as a custodian, for five years. On February 5, 1997, the grievant was informed by letter from David Title, assistant superintendent of schools, that another candidate was selected for the position.
Following the denial of her application for promotion, Peggy Mosley filed a grievance. In that grievance, Mosley claimed that she possessed equal or better qualifications than the other candidate and that seniority should have been the deciding factor in the decision of who to promote to the position. The board denied her grievance.[3] NAGE, the grievant's union, then filed for arbitration under the collective bargaining agreement between the plaintiff and defendant on the grievant's behalf.
On January 19, 1999, the plaintiff appeared before the state board of mediation and arbitration. The issue submitted for arbitration by both sides stated: "Did the Waterford Board of Education violate the CT Page 716 applicable Collective Bargaining Agreement, specifically Articles IV and IX, when if failed to award the position of Head Custodian at Clark Lane Middle School to the grievant, Peggy Mosley ? If so, what shall the remedy be?" After a full hearing, where evidence and testimony was taken from both sides, the arbitrators found that article four and article nine of the collective bargaining agreement were not violated by the defendant's actions. On March 25, 1999, the plaintiff received a copy of the award rendered by the board.
On April 27, 1999, the plaintiff filed a motion to vacate the arbitration award pursuant to General Statutes § 52-418(a)(4). The defendant answered the application and filed a motion to confirm the arbitration award pursuant to General Statutes § 52-417. Both parties have filed a memorandum of law in support of their position.
 STANDARD OF REVIEW 
Section 52-408 of the General Statutes provides that: "An agreement in any written contract, or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract . . . shall be valid, irrevocable and enforceable, except when there exists sufficient cause at law or in equity for the avoidance of written contracts generally." "Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination." (Internal quotation marks omitted.) Gary Excavating,Inc. v. North Haven, 164 Conn. 119, 121, 318 A.2d 84 (1972); see alsoHarry Skolnick Sons v. Heyman, 7 Conn. App. 175, 179, 508 A.2d 64, cert. denied, 200 Conn. 803, 510 A.2d 191 (1986).
"Judicial review of arbitral decisions is narrowly confined. When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . .When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . .Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decisions of the legal questions Involved." (Citations CT Page 717 omitted; internal quotation marks omitted.) Stratford v. InternationalAssn. of Firefighters, AFL-CIO, Local 998, 248 Conn. 108, 114-15,728 A.2d 1063 (1999).
"One of the principal reasons for this deference is that the scope of our review is expressly limited by § 52-418 . . . and, sometimes, by the terms of the parties' agreement. . . .We have stated on numerous occasions that arbitration is a creature of contract. . . .Therefore, it is the arbitrator[s'] judgment that was bargained for and contracted for by the parties, and we do not substitute our own judgment merely because our interpretation of the agreement or contract at issue might differ from that of the arbitrator[s]." (Citations omitted.) Id., 115-16.
"These well established principles governing consensual arbitration are subject to certain exceptions. Even in the case of an unrestricted submission, we have . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy. . . or (3) the award contravenes one or more of the statutory proscriptions of §52-418."[4] (Citations omitted; internal quotation marks omitted.) Id., 116. "[E]very reasonable presumption and intendment will be made in favor of the [arbitral] award and of the arbitrators' act and proceedings. . . .Thus, as the party challenging the award, the plaintiff bears the burden of producing evidence sufficient to demonstrate a violation of § 52-418." (Citations omitted; internal quotation marks omitted.) Metropolitan District Commission v. AFSCME, Council 4, Local184, 237 Conn. 114, 119, 676 A.2d 825 (1996).
Applying these principles to the present case, the court must first determine whether the submission to the arbitral board was unrestricted.[5] "In determining whether a submission is unrestricted, we look at the authority of [the arbitrators]. The authority of [the arbitrators] to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted. . . ." Hartford v. InternationalAssn. of Firefighters, Local 760, 49 Conn. App. 805,811-12, 717 A.2d 258, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998);South Windsor v. South Windsor Police Union Local 1480, 57 Conn. App. 490,497-98, 750 A.2d 465, cert. granted, 253 Conn. 924, 754 A.2d 800 (2000).
Upon review of the issue submitted to the arbitrators in this action, the court finds that the parties did not expressly limit the breadth of the issues to be considered, reserve explicit rights in the submission, or condition the arbitral award on court review.[6] The court also finds, based on a review of the plaintiff's application, memorandum of CT Page 718 law, and oral argument, that the plaintiff did not claim that the issue submitted to the arbitration panel was restricted. Therefore, the court determines that the submission in this case was unrestricted. Consequently, the arbitrators' award may be vacated only if it falls into one of the three categories mentioned above. Since the plaintiff has not argued that the arbitrators ruled on the constitutionality of a statute or that the arbitrators' ruling violated public policy, the court will limit its determination to whether the arbitral award contravenes one or more of the statutory proscriptions of General Statutes § 52-418.Stratford v. International Assn. of Firefighters, AFL-CIO, Local 998, supra, 248 Conn. 116.
The plaintiff makes two arguments in support of its motion to vacate the arbitration award under General Statute § 52-418. First, the plaintiff contends that in denying its grievance, the arbitration panel has imperfectly executed its powers in a manner such that a mutual, final and definite award upon the subject matter submitted was not made. The plaintiff contends that the arbitrators imperfectly executed their powers in denying the plaintiff's grievance, in this instance, because the arbitrators must have acted in an arbitrary, capricious and unreasonable manner "because it is clear that the defendants violated Article IV and IX of the Collective Bargaining Agreement. . . ."
In support of this argument, the plaintiff points to language in article four and article nine of the collective bargaining agreement. The language in article nine of the agreement provides that when all of the qualifications of the applicants for a position are substantially equal, the seniority of the applicants shall be the determining factor in all promotions.[7] The plaintiff claims that, because the qualifications of the grievant and the other applicant for the position were substantially equal, the grievant should have received the promotion because she had more seniority than the other applicant. The plaintiff, therefore, claims that the decision of the arbitrators, that affirmed the decision of the defendant to promote the other candidate, was made in an arbitrary, capricious, discriminatory and/or unreasonable manner.
The plaintiff's second argument is that the arbitration panel imperfectly executed its powers when it determined that, pursuant to article four, section four, and article nine, section four, subsection four, another applicant was better qualified than the grievant for the group III head custodian position at Clark Lane Middle School. The plaintiff contends that the arbitration panel acted in error because it did not base its decision on an interpretation or application of the collective bargaining agreement, but rather relied on the subjective testimony of Coulliard to affirm the decision of the board. Based on these two theories, the plaintiff argues that the decision of the CT Page 719 arbitrators in favor of the defendant should be vacated under General Statutes § 52-418(a).
The defendant argues that because the plaintiff, in claiming that the arbitrators exceeded their powers or imperfectly executed them, has not alleged that the award of the arbitrators did not match the issue jointly submitted by them by the parties, that the plaintiff's motion to vacate the arbitral decision should be denied. This court agrees with the defendant.
"It is axiomatic in this jurisdiction that any challenge to an award pursuant to [General Statutes 52-418(a)] on the ground that the arbitrators exceeded or imperfectly performed their powers is properly limited to a comparison of the award with the submission. In order to decide whether the arbitrators have exceeded their authority, the reviewing court must examine the submission together with the award and determine whether the award conforms to the submission. (Internal citations omitted.) Trumbull v. Trumbull Police Local 1745,1 Conn. App. 207, 212, 470 A.2d 1219 (1984).
In this instance, the court finds that the plaintiff has not argued that the award issued by the arbitrators was beyond the scope of the issue jointly submitted by the parties for arbitration. The court also finds that after a comparison of the award of the arbitrators with the issue submitted to them by the parties that the award conforms to the issue submitted to the panel. The plaintiff's motion to vacate the award is therefore denied.
 DEFENDANT'S MOTION TO CONFIRM THE AWARD 
"General Statutes 52-417 provides that in ruling on an application to confirm an arbitration award the court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419. The trial court lacks any discretion in confirming the arbitration award unless the award suffers from any of the defects described in General Statutes 52-418 and 52-419." (Internal citations omitted; internal quotation marks omitted.)Amalgamated Transit Union Local 1588 v. Laidlaw Transit, 33 Conn. App. 1,3-4, 632 A.2d 713 (1993). As the plaintiff's motion to vacate has been denied, the defendant's motion to confirm the award will be granted pursuant to General Statutes § 52-417.
D. Michael Hurley, Judge Trial Referee