STEVEN MCDONALD *v.* AUDREY ROWE, COMMIS-
SIONER OF INCOME MAINTENANCE
(14153)

O'Connell, Lavery and Heiman, Js.

Argued April 3—officially released September 10, 1996

*Hugh Barber*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Richard J. Lynch*, assistant attorney general, for the appellant (defendant).

*Catherine E. Cushman*, for the appellee (plaintiff).

O'CONNELL, J. The defendant, Audrey Rowe, commissioner of income maintenance, appeals following the trial court's award of attorney's fees to the plaintiff, Steven McDonald. The defendant claims that the trial court improperly (1) considered the plaintiff's untimely motion for attorney's fees, and (2) concluded that the defendant's action lacked any substantial justification. We reverse the judgment of the trial court.

The following facts are necessary for the disposition of this appeal. The plaintiff requested that the defendant, through Medicaid, pay for a motorized wheelchair for his use in the skilled nursing facility in which he resided. The defendant denied this request pursuant to a department policy that concludes that motorized wheelchairs are not medically necessary to patients residing in skilled nursing facilities. The plaintiff appealed to the trial court, which reversed the defendant's decision and ordered it to pay for the wheelchair. The defendant did not appeal the merits of the trial court's decision. Four and one-half months after the judgment,[1] the trial court granted the plaintiff's motion for attorney's fees on the ground that there was no substantial justification for the defendant's refusal to pay for the wheelchair. See General Statutes § 4-184a (b).[2] The defendant appeals from this award.

---

[1] The plaintiff asserts that his motion for attorney's fees was timely filed, but that the hearing was delayed due to mishandling of the motion by the clerk's office. Our disposition of the defendant's claims does not depend on the accuracy of this statement.

[2] General Statutes § 4-184a (b) provides in pertinent part: "In any appeal . . . of an agency decision taken in accordance with section 4-183 . . . the court may, in its discretion, award to the prevailing party, other than the

## I

The defendant first claims that the trial court improperly considered the plaintiff's motion for attorney's fees because it was not timely filed.[3] We have recently held that "postjudgment motions under § 4-184a must be filed within a reasonable time of the entering of the final judgment, and that the determination of whether such a motion has been filed within a reasonable time is a matter within the discretion of the trial court." *Oakley* v. *Commission on Human Rights & Opportunities*, 38 Conn. App. 506, 517, 662 A.2d 137 (1995), aff'd, 237 Conn. 28, 675 A.2d 851 (1996). In *Oakley*, we concluded that the trial court did not abuse its discretion by considering a motion for attorney's fees almost five months after the rendering of judgment because § 4-184a contains no express time limitations and the parties did not claim that they were prejudiced or unfairly surprised by the trial court's ruling. Id. In the present case, the defendant did not claim prejudice or surprise. *Oakley* is therefore controlling and we conclude that the trial court did not abuse its discretion by ruling on the motion for attorney's fees four and one-half months after it rendered judgment.

## II

The defendant next claims that the trial court improperly awarded attorney's fees under § 4-184a (b) on the basis of its conclusion that the agency acted "without any substantial justification" under § 4-184a (b). We

agency, reasonable fees and expenses . . . if the court determines that the action of the agency was undertaken without any substantial justification."

[3] We do not address whether the legislature intended to "alter the legislative budgetary allotments by allowing one state agency to obtain an award of attorney's fees against another state agency," because the issue was argued in a footnote and therefore not properly briefed. *Mulholland* v. *Mulholland*, 31 Conn. App. 214, 215 n.1, 624 A 2d 379 (1993), aff'd, 229 Conn. 643, 643 A.2d 246 (1994).

agree with the defendant and reverse the judgment of the trial court.

"It is well settled that the decision to award attorney's fees and other costs rests solely with the trial court. . . . Because § 4-184a (b) provides that the court may, in its discretion, make such an award, we review the denial of an award of such fees under an abuse of discretion standard. . . . [W]hen reviewing a claim [made pursuant to § 4-184a (b)] that the trial court abused its discretion, every reasonable presumption should be given in favor of its correctness, and the ultimate issue is whether the court could have reasonably concluded as it did." (Citations omitted; internal quotation marks omitted.) *Labenski* v. *Goldberg*, 41 Conn. App. 866, 871, 678 A.2d 496 (1996).

After arguments were heard in this case, this court, for the first time, construed the language "without any substantial justification" contained in § 4-184a. Id. In *Labenski*, this court, guided by the United States Supreme Court's analysis of claims made pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 (Sup. 1996), and *Pierce* v. *Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988), concluded that the phrase "substantially justified" means justified to a degree that could satisfy a reasonable person. *Labenski* v. *Goldberg*, supra, 41 Conn. App. 872. In reaching that conclusion, the *Labenski* court noted that this reasonableness definition is no different from the "reasonable basis both in law and fact" formulation that has been adopted by the Second Circuit Court of Appeals. Id.; see *Federal Election Commission* v. *Political Contributions Data, Inc.*, 995 F.2d 383, 386 (2d Cir. 1993).

Utilizing that construction of "without any substantial justification" in this case, we conclude that the defendant had a reasonable basis both in law and in

fact to deny the plaintiff's request for a motorized wheel-chair. Thus, the trial court improperly awarded attorney's fees to the plaintiff.

A

The defendant explains that it relied on 42 C.F.R. § 440.70 (b) (3) (c)[4] to determine that the plaintiff was not entitled to a motorized wheelchair. On the basis of the language of 42 C.F.R. § 440.70 (b) (3) (c), the defendant established department policy 198E.III.a.5 (b), in which motorized wheelchairs were included in a category of medical equipment that was not authorized for patients residing in skilled nursing facilities.

The trial court found that the defendant was not substantially justified in relying on its established policy because that policy had been declared invalid in an unreported Superior Court decision.[5] We note, however, that the same policy was upheld in another unreported Superior Court decision.[6] Trial court cases do not establish binding precedent. *J.M. Lynne Co.* v. *Geraghty*, 204 Conn. 361, 369, 528 A.2d 786 (1987). The defendant was faced with conflicting opinions as to its policy. Thus, in light of the conflicting trial court decisions concerning the validity of its policy, we cannot conclude that the defendant did not have substantial justification in continuing to rely on its established policy.

[1] Section 440.70 (b) (3) (c) of 42 C.F.R. provides: "Home health services include the following services and items . . . [m]edical supplies, equipment, and appliances suitable for use in the home . . . . A recipient's place of residence, for home health services, does not include a hospital [or] skilled nursing facility . . . ."

[5] *Nelson* v. *Commissioner of Income Maintenance*, Superior Court, judicial district of New Haven, Docket No. 305598 (April 19, 1991). *Nelson* was scheduled for a hearing by the Supreme Court, but the appeal became moot when the appellant received the wheelchair he sought from a private source.

[6] *Santos* v. *Heintz*, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 416236 (April 18, 1986).

B

The trial court next found that the defendant lacked substantial justification in denying the plaintiff's request for a motorized wheelchair because its policy was not included in the defendant's "uniform policy manual" and therefore was not a legally promulgated regulation. The defendant contends that although the policy was not included in the "uniform policy manual," the policy was contained in a medical services manual in accordance with General Statutes § 17b-10 (a), which provides: "All policy manuals of the department, as they exist on May 23, 1984 . . . *shall be construed to have been adopted as regulations . . . .*" (Emphasis added.) It is undisputed that the defendant's medical services manual was in effect before May 23, 1984. Therefore, pursuant to § 17b-10, the policy contained therein has the effect of a regulation.

The plaintiff claims that even if the medical services manual has the force of regulation under § 17b-10 (a), it was required to be updated by January 1, 1987, in accordance with § 17b-10 (c) to continue to have legal effect as a regulation. Although § 17b-10 (c) clearly requires the public assistance policy manual to be updated, this section makes no such requirement for the medical services policy manual.

The plaintiff urges us to construe subsection (c) to include the medical services manual, but such a construction contradicts the legislative intent as evinced by the legislative history of the statute. In 1988, the legislature expressly incorporated the medical services manual into the group of manuals covered by subsection (a). At that time, the legislature made no such change to the manuals covered by subsection (c). We cannot, through statutory construction, replace terms that were omitted in a statute. See *Battersby* v. *Battersby*, 218 Conn. 467, 470–71, 590 A.2d 427 (1991). We

presume that the legislature had a purpose in amending the words and phrases in the 1988 amendment. See *Turner* v. *Turner,* 219 Conn. 703, 713, 595 A.2d 297 (1991). We therefore conclude that the defendant did not lack substantial justification in relying on its policy because the policy was a regulation pursuant to § 17b-10.

## C

The defendant also maintains that its refusal to pay for the wheelchair was substantially justified because it relied on 42 U.S.C. § 1396a (a) (10) and 42 C.F.R. § 440.230, which expressly afford states the discretion to place "amount, scope or duration" limitations on covered services and "appropriate limits on a service based on such criteria as medical necessity or on utilization control procedures" in formulating its policy that motorized wheelchairs are not medically necessary to patients residing in skilled nursing facilities.

The trial court held that medical necessity must be determined by the applicant's treating physician, and, therefore, the defendant was not substantially justified in relying on its regulation. The trial court supported that conclusion with an unreported Superior Court case[7] and an Eighth Circuit federal case.[8] Because neither of these decisions was binding on the defendant, neither furnishes an adequate basis for the trial court's conclusion that the defendant acted without substantial justification by not relying on them and instead relying on its own established policy.

## D

The trial court also awarded attorney's fees because it found that the defendant denied the plaintiff due

[7] *Marcetti* v. *Aronson,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV90-0384199S (August 7, 1992).

[8] *Weaver* v. *Reagen,* 886 F.2d 194 (8th Cir. 1989).

process by keeping him in an skilled nursing facility and by merely rubber-stamping denials of requests for wheelchairs. Neither of these claims has merit.

Neither party raised the issue of due process at the original administrative hearing or in argument before the trial court. The administrative hearing officer did not make a factual finding that the defendant played any part in the plaintiff's placement in the skilled nursing facility or that the defendant was rubber-stamping requests. Rather, these issues were raised for the first time by the trial court when considering the motion to award attorney's fees.

In reviewing an administrative decision, the trial court is not to retry the case. *Nelseco Navigation Co.* v. *Dept. of Liquor Control*, 34 Conn. App. 352, 354, 641 A.2d 847 (1994). The trial court is confined to the record of the administrative hearing. General Statutes § 4-183 (i). Accordingly, the trial court should not have added facts to that record when making a determination on the award of attorney's fees. Similarly, the trial court should not have considered "other cases" in making an award of attorney's fees in this case because it is statutorily mandated to conduct its judicial review exclusively by reference to the record. General Statutes § 4-183 (i); *Neri* v. *Powers*, 3 Conn. App. 531, 537, 490 A.2d 528, cert. denied, 196 Conn. 808, 494 A.2d 905 (1985).

None of the reasons articulated by the trial court supports the conclusion that the defendant lacked substantial justification in denying the plaintiff a motorized wheelchair. To the contrary, the defendant has furnished numerous reasons that overwhelmingly demonstrate that its actions were substantially justified as that term has been defined in *Labenski* v. *Goldberg*, supra, 41 Conn. App. 871.

The decision awarding attorney's fees is reversed and the case is remanded with direction to deny the plaintiff's motion for attorney's fees.

In this opinion LAVERY, J., concurred.

HEIMAN, J., concurring. While I agree with part I of the majority opinion and the determination in part II that the trial court improperly found that the defendant had acted "without any substantial justification," I do not agree with the reasoning by which the majority reached its result in part II.

The resolution of the issue in part II should be based solely on the fact that the defendant's policy regarding motorized wheelchairs had not been declared invalid by any binding authority. The defendant has a right to rely on its properly adopted policy unless and until such policy is struck down by binding legal authority because "the validly enacted regulations of an administrative agency carry the force of statutory law." *Commission on Hospitals & Health Care* v. *Stamford Hospital*, 208 Conn. 663, 668, 546 A.2d 257 (1988).

Accordingly, I concur in the opinion in part I and in the result in part II.