[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In the third count of his complaint, the named plaintiff alleges that he was injured in a motor vehicle accident at an intersection in the City of New Haven because of a malfunctioning traffic light. That count, therefore, is governed by the municipal highway defect statute, General Statutes § 13a-149.Sanzone v. Board of Police Commissioners, 219 Conn. 179, 202-203
(1991). The defendant City of New Haven moves for summary judgment on the third count on the grounds that the plaintiff's notice of injury is inadequate as a matter of law. That notice states that the plaintiff sustained the following personal injuries: "Personal injuries, both ascertained and unascertained, CT Page 10074 necessitating medical care and treatment and causing pain, suffering, weakness and nervousness, which injuries are, or the effects of which, are likely to be permanent, and property damages to vehicle."
The defendant's motion is governed by Martin v. Plainville,240 Conn. 105 (1997) (written notice that plaintiff had "injuries she sustained in a fall" and that she "was injured after she tripped over a defect in the sidewalk, "held, insufficient as a matter of law) and Marino v. East Haven, 120 Conn. 577 (1935) (written notice indicating that plaintiff "fell and was injured," held insufficient as a matter of law due to lack of general description of plaintiff's injuries). Here, as in Martin andMarino, there is no "general description" of the injury or injuries sustained, only a statement that there were "personal injuries, both ascertained and unascertained. . . ." While the notice here purports to include an additional statement of theconsequences of the injury, such consequences alone do not describe the injury itself. Cf. Carstesen v. Stratford,67 Conn. 428, 437 (1896). Moreover, the additional statement in the notice, in reality, imparts virtually no information at all because of its all-encompassing character and breathtaking vagueness — "medical care and treatment and causing pain, suffering, weakness and nervousness, which injuries are, or the effects of which, are likely to be permanent, and property damages to vehicle."[1] The adequacy of the description of injuries in a § 13a-149 notice of claim must be assessed in light of the public policy reasons for such a description.
 a municipality should be sufficiently apprised of a general description of a plaintiff's alleged injuries so that it can assess its exposure and allocate resources, which may be scarce in smaller towns, to facilitate an appropriate investigation and the hastening of a possible settlement. . . . Indeed, the entire strategy of a town's legal defense might well be predicated on the nature of the injuries alleged. For example, a town might handle a claim alleging a hairline fracture of the small toe quite differently than one alleging a serious injury to the brain.
Martin v. Plainville, supra, 240 Conn. 111-112.
The Superior Court cases cited by the plaintiffs, Vestutu v.Burns, Superior Court, judicial district of New Haven, No. 274390 CT Page 10075 (6 CSCR 488) (February 15, 1991), and Durso v. Sherman, Superior Court, judicial district of Danbury, No. 317959 (May 8, 1995), both precede and conflict with Martin v. Plainville, supra,240 Conn. 105. "Trial court cases do not establish binding precedent." McDonald v. Rowe, 43 Conn. App. 39, 43, 682 A.2d 542
(1996). "It is axiomatic that a trial court is bound by Supreme Court precedent." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 195, 676 A.2d 831 (1996). Based on Martin and Marino,
the defendant's motion for summary judgment on the third count of the complaint is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court