STATE OF CONNECTICUT *v.* ERIC M. PARHAM
(AC 21710)

Lavery, C. J., and Mihalakos and Hennessy, Js.

Argued February 21—officially released June 4, 2002

*Eric M. Parham,* pro se, the appellant (defendant).

*Ronald G. Weller,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *John J. O'Reilly, Jr.,* supervisory assistant state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Eric M. Parham, appeals from the judgment of conviction, rendered after a trial to the court, of speeding in violation of General Statutes § 14-219 (c) (2).[1] On appeal, the defendant argues that the court improperly (1) found that there was sufficient evidence to convict him of speeding and (2) took judicial notice that "everyone exceeds the posted speed limit" to discredit his theory that the device used to measure his speed was malfunctioning. We affirm the judgment of the trial court.

The record sets forth the following facts and procedural history. On December 7, 2000, the defendant was operating a motor vehicle on Blue Hills Avenue in Bloomfield. Arthur Fredericks, a Bloomfield police officer, was conducting speed monitoring surveillance on Blue Hills Avenue with a laser speed monitoring device (laser).[2] Fredericks observed the defendant traveling at

---

[1] General Statutes § 14-219 (c) provides in relevant part: "Any person who violates any provision of subdivision (1) of subsection (a) of this section or who operates a motor vehicle . . . (2) on any other highway at a rate of speed greater than sixty miles per hour but not greater than eighty-five miles per hour shall be fined not less than one hundred dollars nor more than one hundred fifty dollars, provided any such person operating a truck, as defined in section 14-260n, shall be fined not less than one hundred fifty dollars nor more than two hundred dollars."

[2] Fredericks had training and significant experience in the operation of laser speed monitoring equipment.

what he believed, based on his five years of experience, was a speed above the posted limit. Fredericks then used the laser to measure the defendant's speed. The laser registered the defendant's vehicle traveling at sixty-eight miles per hour in an area with a posted speed limit of forty-five miles per hour.[3] Fredericks then stopped the defendant and issued him a summons charging him with speeding in excess of sixty miles per hour in violation of § 14-219 (c) (2). On January 2, 2001, the defendant entered a plea of not guilty. After a trial, the court found the defendant guilty, imposed a fine in the amount of one hundred dollars and remitted twenty-five dollars. The defendant appealed from the judgment of the court.

I

The defendant first claims that the court improperly found that there was sufficient evidence to convict him of speeding. The defendant argues that because the state failed to satisfy § 14-219c (3) and (5),[4] the court improperly (1) afforded a presumption of accuracy as to the laser's reading and (2) based its finding on that

---

[3] The laser reading was admitted into evidence at trial without objection by the defendant.

[4] General Statutes § 14-219c provides: "A prima facie presumption of accuracy sufficient to support a conviction under section 14-219 will be accorded to a radar, speed monitoring laser, vascar device or any other speed monitoring device approved by the Commissioner of Public Safety only upon testimony by a competent police officer that: (1) The police officer operating the radar, laser, vascar device or other device has adequate training and experience in its operation; (2) the radar, laser, vascar device or other device was in proper working condition at the time of the arrest, established by proof that suggested methods of testing the proper functioning of the device were followed; (3) the radar, laser, vascar device or other device was used in an area where road conditions provide a minimum possibility of distortion; (4) if moving radar was used, the speed of the patrol car was verified; and (5) the radar, laser, vascar device or other device was expertly tested within a reasonable time following the arrest, and such testing was done by means which do not rely on the internal calibrations of such radar, laser, vascar device or other device."

presumption.[5] Specifically, the defendant argues that Fredericks used the laser near power lines, and thus it was not "used in an area where road conditions provide a minimum possibility of distortion . . . ." General Statutes § 14-219c (3). He also argues that Fredericks did not test the laser within a reasonable time after the defendant received the summons and therefore did not meet the requirements of § 14-219c (5). We disagree because the court did not afford the statutory presumption in §14-219c but properly weighted the testimony as evidence.

We first address the defendant's sufficiency of evidence claim. "The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Senquiz*, 68 Conn. App. 571, 575–76, 793 A.2d 1095, cert. denied, 260 Conn. 923, 797 A.2d 519 (2002).

## A

The defendant contends that there was insufficient evidence to establish a presumption of accuracy of the laser reading under § 14-219c and, thus, his conviction cannot stand because the court improperly established the element of speed on the basis of that presumption. We find the defendant's argument unavailing.[6] Upon

---

[5] The defendant makes no claim that the state did not satisfy subsections (1) and (2) of General Statutes § 14-219c. Subsection (4), which applies when moving radar is used, has no applicability in this case.

[6] The defendant relies on *State* v. *Howard*, Superior Court, judicial district of Tolland, Docket No. 5520604 (November 25, 1997), to support his insufficiency claim. This court is not bound by the holding in that case. See *McDonald* v. *Rowe*, 43 Conn. App. 39, 43, 682 A.2d 542 (1996). Nonetheless,

review of the record and transcript, we conclude that the court did not presume the accuracy of the laser reading when admitting it into evidence, and the court properly found that there was sufficient evidence to convict the defendant of speeding in violation of § 14-219 (c) (2).

The following additional facts are necessary to the resolution of this claim. The defendant testified that the laser reading was necessarily incorrect because he had an electronic engine speed limiter on his vehicle that allowed it to travel in second gear at a maximum of sixty-two miles per hour.[7] Fredericks testified that on the day in question he had tested the calibration of the laser in the rear lot at the police station using a standard test procedure at the beginning of his shift and that it had passed. He further testified that he saw the laser's certificate of calibration when he signed it out from the police station. Fredericks also identified the calibration certificate at trial and testified that it indicated that Gore Laboratory (Gore) had issued it on December 6, 2000, the day before the laser was used by Fredericks to measure the defendant's speed. Finally, he testified that the certificate indicated that the laser had been calibrated and was functioning properly on December 6, 2000, and that it was certified until June 6, 2001, which was the next scheduled testing date for the laser. The certificate was admitted into evidence without objection by the defendant.

Our analysis of this claim is guided by case law that interprets the purpose of § 14-219c. Here, the defendant incorrectly argues that § 14-219c sets out a test for the admissibility of evidence. It does not. As did the defen-

we will address it because the defendant relies on it in his appeal. In *Howard,* the court's analysis focused on § 14-219c. Accordingly, it is not applicable to the present case because the court in the present case did not rely on § 14-219c when making its decision.

[7] Our review of the transcript reveals that the defendant did not provide any evidence to prove that such a device was attached to his car or that he was in second gear when Fredericks measured his speed with the laser.

dant in *State* v. *Trantolo*, 37 Conn. Sup. 601, 430 A.2d 465 (1981), the defendant in the present case misinterprets the purpose of § 14-219c and confuses the admissibility of evidence with its weight. In *Trantolo*, the Appellate Session of the Superior Court explained that the purpose of § 14-219c is to provide a presumption of accuracy for a laser reading when the state satisfies the five conditions contained therein and that it is not a test of the admissibility of a laser reading. The court made clear that "the fact that a prima facie presumption is created by [§ 14-219c] if the several conditions required are proved does not mean that evidence falling short of establishing those conditions must be excluded if it would be otherwise admissible." Id., 603. Further, the court stated that "[t]he quantum of evidence required to pass the threshold of admissibility must be distinguished from that requirement to establish a prima facie case or to satisfy the requirement of proof beyond a reasonable doubt in a criminal case. 1 Wigmore, Evidence (3d Ed.) § 29." *State* v. *Trantolo*, supra, 604.

In rendering its decision, the court accepted the evidence that the state presented at trial and properly rejected the defendant's testimony regarding a speed limiter. In light of the relevant case law, we conclude that the court was correct in not granting the laser reading a presumption of accuracy, and properly relied on the uncontested admission of the laser's calibration certificate and Fredericks' testimony to support its decision to admit the laser reading into evidence.

## B

The defendant next argues that there was insufficient evidence that the laser device was functioning properly and, therefore, the court improperly granted the laser reading a presumption of accuracy. The defendant asserts that the almost six months time between the date Fredericks used the laser to measure the defen-

dant's speed and the next scheduled test does not satisfy the reasonable time requirement for testing under § 14-219c. The defendant's application of § 14-219c to the time for testing is immaterial because the court in the present case did not rely on § 14-219c in making its decision.

There was evidence presented regarding whether the laser was functioning properly and whether power lines affected its accuracy. Upon review of the transcript, however, we conclude that the evidence was proffered to aid in the determination of the weight the laser's reading should be afforded as evidence rather than whether it should be granted a presumption of accuracy under § 14-219c. Fredericks testified that there was nothing in the area that would have interfered with the accuracy of the laser reading at the time he had used it to measure the defendant's speed. During his cross-examination of Fredericks, the defendant asked whether overhead power lines could have interfered with the laser's reading. Fredericks responded that overhead power lines do not affect laser readings in the way that they affect radar readings. The defendant failed to provide any evidence to refute this testimony.

Without evidence to discredit Fredericks' testimony about the effect, or lack thereof, of power lines on lasers, the defendant's argument that the power lines affected the laser is without merit and does not per-suade this court that the evidence was inadmissible or that the court gave it improper weight when using it in its analysis. In short, we conclude that Fredericks' testimony concerning the test he performed on the laser at the beginning of his shift and the certificate of calibration issued by Gore were sufficient to satisfy the mini-mum requirements of admissibility of the laser reading, even if that same evidence would be insufficient to support a presumption of accuracy under § 14-219c.

Moreover, the defendant did not object to the admission of the laser reading at trial. Whenever evidence is admitted without objection, the trier of fact can rely on its contents for whatever they are worth on their face. See *State* v. *Owen*, 40 Conn. App. 132, 149–50, 669 A.2d 606, cert. denied, 236 Conn. 912, 673 A.2d 114, cert. denied, 237 Conn. 922, 676 A.2d 1376 (1996). "In order to preserve an evidentiary ruling for review, trial counsel must object properly. . . . [See] Practice Book § 5-5. . . . These requirements are not simply formalities. They serve to alert the trial court to potential error while there is still time for the court to act. . . . Assigning error to a court's evidentiary rulings on the basis of objections never raised at trial unfairly subjects the court and the opposing party to trial by ambush." (Citations omitted.) *State* v. *Bush*, 249 Conn. 423, 427–28, 735 A.2d 778 (1999). Because the defendant never objected to the court's admission of the laser reading, we decline to review the claim.

We conclude that when construing the evidence in the light most favorable to sustaining the verdict, the facts of this case and the inferences reasonably drawn therefrom support our conclusion that the court reasonably could have found, on the basis of the properly admitted laser reading and the defendant's own admissions,[8] that the cumulative force of the evidence was sufficient to establish guilt beyond a reasonable doubt. Accordingly, this claim must fail.

## II

The defendant next claims that the court improperly took judicial notice of the fact that "everyone exceeds the posted speed limit" and, thus, committed a proce-

---

[8] The defendant admitted at trial that he did not know whether he was speeding or whether he was in second gear when Fredericks measured his speed.

dural error because it was not sufficiently impartial and prejudicially discounted one of his arguments. The defendant's claim is based on the prosecutor's comment: "I think the court can take judicial notice that everyone exceeds the posted speed limit. That's probably a fair statement." Specifically, the defendant contends that the court's taking judicial notice of that statement resulted in its failure to consider his argument that the laser used to measure his speed was malfunctioning because it indicated that all the traffic at the enforcement location was speeding on the evening in question. We reject the defendant's argument.

The defendant did not object to that statement at trial.[9] Only now, on appeal, does the defendant take exception to the statement. "The failure to object to the remarks at the time they were made or at the close of argument constitutes a waiver of the . . . right to press this claim of error." *Trumpold* v. *Besch*, 19 Conn. App. 22, 30, 561 A.2d 438, cert. denied, 212 Conn. 812, 565 A.2d 538 (1989), cert. denied, 494 U.S. 1029, 110 S. Ct. 1476, 108 L. Ed. 2d 613 (1990). Furthermore, the defendant's claim is based on his assumption that the court took judicial notice of the prosecutor's statement. After careful review of the record and transcript, this court can find no evidence in the record or transcript

[9] Furthermore, in seeking our review of this claim, the defendant fails to request review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine. See Practice Book § 60-5. "It is well established that generally this court will not review claims that were not properly preserved in the trial court. . . . A defendant may prevail on a claim of constitutional error not preserved at trial, however, if the defendant satisfies the four part standard set forth in *State* v. *Golding*, [supra, 239–40]." (Internal quotation marks omitted.) *State* v. *Barnett*, 53 Conn. App. 581, 598, 734 A.2d 991, cert. denied, 250 Conn. 918, 738 A.2d 659 (1999). "Where a defendant fails to seek review of an unpreserved claim under either *Golding* or the plain error doctrine, this court will not examine such a claim." *State* v. *Abraham*, 64 Conn. App. 384, 404 n.18, 780 A.2d 223, cert. denied, 258 Conn. 917, 782 A.2d 1246 (2001). We therefore decline to review this claim.

to support the defendant's assertion. Accordingly, we dismiss this claim as meritless.

The judgment is affirmed.

In this opinion the other judges concurred.