MBNA AMERICA BANK, N.A. *v.* THOMAS C. BAILEY
(AC 27157)

Flynn, C. J., and Harper and Rogers, Js.

Argued September 25, 2006—officially released November 20, 2007

*William T. Barrante*, with whom, on the brief, was *Patsy M. Renzullo*, for the appellant (defendant).

*Jeanine M. Dumont*, for the appellee (plaintiff).

*Opinion*

HARPER, J. The defendant, Thomas C. Bailey, appeals from the judgment of the trial court granting an application to confirm an arbitration award in favor

of the plaintiff, MBNA America Bank, N.A. The defendant claims that the court (1) improperly denied his motion to dismiss the application and (2) deprived him of his right to a jury trial. We affirm the judgment of the trial court.

The parties do not dispute that the defendant applied for and was issued a credit card by the plaintiff bank. Thereafter, despite the plaintiff's demands, the defendant failed to make payments on his account, which had a balance in excess of $8500. The plaintiff submitted the dispute to an arbitrator. On August 6, 2004, the arbitrator found, inter alia, that "on or before January 15, 2004, the parties entered into an agreement providing that this matter shall be resolved through binding arbitration." The arbitrator further found that the plaintiff had filed a claim before him and served the claim on the defendant, and that the parties had had an opportunity to present evidence in accordance with the arbitrator's code of procedure. The arbitrator awarded the plaintiff $10,248.25. At no time did the defendant appear before the arbitrator.

On November 9, 2004, the plaintiff applied to the Superior Court for an order confirming the arbitration award in accordance with General Statutes § 52-417. The plaintiff attached a copy of the arbitrator's award to its application and represented that the defendant had been duly notified of the award. The plaintiff also represented that the parties had entered into "a written agreement for arbitration" and attached what it purported to be a "copy" of that agreement to its application.

On January 7, 2005, the defendant filed a motion to dismiss the application to confirm on the ground that the court lacked subject matter jurisdiction. The defendant argued that "there was no valid and enforceable arbitration proceeding in that there was no agreement

to arbitrate executed by the defendant within the meaning of [General Statutes § 52-408]." The defendant also maintained that the "unsigned and undated" agreement attached to the plaintiff's application, which included a binding arbitration provision, was not binding on him and that the plaintiff had failed to demonstrate that he was bound by any agreement to arbitrate. The defendant represented that he "never submitted to the arbitration that the plaintiff undertook in this case" and "never agreed that [the arbitrator before whom the plaintiff appeared] or any other arbitrator had jurisdiction to enter any award for the plaintiff."[1]

The plaintiff objected to the motion to dismiss, arguing as a matter of law that a valid and enforceable arbitration agreement need only be evidenced by a written agreement, not a written agreement signed by the parties. The plaintiff represented that, under the terms of the original written agreement between the parties, it reserved the right to amend the agreement in a specified manner. The plaintiff further represented that it subsequently exercised this right by providing the defendant with written notice that it was amending the agreement to include the arbitration provision at issue. The plaintiff also represented that the defendant did not avail himself of an "opt-out clause" in the written amendment to the parties' agreement. According to the plaintiff, the defendant had a full and fair opportunity to reject the arbitration provision by so notifying the plaintiff, in writing and within a certain period of time, as provided in that clause. The plaintiff argued that, by continuing to use his credit card following his receipt of the plaintiff's notice that an arbitration provision was being added to the parties' agreement, the defendant became, as a

---

[1] An affidavit submitted by the defendant was attached to his motion to dismiss, in which he averred that he did not "execute" the written agreement attached to the plaintiff's application to confirm and that he "never submitted" to the arbitration proceedings at issue.

matter of law, "bound to the arbitration agreement by [his] assent" and that such provision was integrated into the agreement between the parties. The plaintiff also asserted that the defendant had failed to raise the issue of arbitrability before the arbitrator at the time of the arbitration proceeding.

On May 25, 2005, the court issued a memorandum of decision denying the defendant's motion to dismiss. The court rejected the defendant's argument that the arbitration provision was not enforceable because he had not signed it. The court, implicitly crediting the plaintiff's version of events, concluded that the arbitration provision was an integral part of the parties' agreement. The court concluded that the defendant had assented to the terms of that agreement and had accepted the benefits of the agreement by his continued use of his credit card after the plaintiff had amended the parties' original agreement. Despite having reached the merits of the defendant's claim, the court nevertheless "noted" that the defendant had not properly raised the issue of whether an agreement to arbitrate existed. The court stated that the defendant "did not move to compel judicial determination of the validity of the arbitration agreement prior to the arbitration itself, he did not appear at the arbitration [proceedings] to contest the arbitrability of the dispute and, once receiving notice of the arbitration award, he did not file a motion to vacate the award [as required by General Statutes § 52-420 (b)]." On November 3, 2005, the court confirmed the award, awarding the plaintiff $10,248.25 and costs taxed at $279.75. The court ordered the defendant to make nominal payments of $35 weekly to the plaintiff. This appeal followed.

I

The defendant claims that the court improperly denied his motion to dismiss. The plaintiff, however,

asserts as a preliminary issue that the court improperly reached the merits of the defendant's motion to dismiss. According to the plaintiff, the defendant did not preserve his right to raise before the court the issue of whether an agreement to arbitrate existed. The plaintiff argues that the defendant's inaction, in that he did not raise any objection to the arbitration proceedings after he received notice that such proceedings were underway or seek a judicial determination of the issue of whether an agreement to arbitrate existed or move to vacate or otherwise challenge the arbitrator's award prior to the filing of the application to confirm such award, precluded him from raising the issue before the court. Whether, under the unique circumstances of this case, the court properly reviewed the defendant's claim that an agreement to arbitrate did not exist is a question of law over which our review is de novo.

A recent decision from our Supreme Court, *MBNA America Bank, N.A.* v. *Boata*, 283 Conn. 381, 926 A.2d 1035 (2007), is on point and sets forth the relevant principles that will guide our analysis. "We have long recognized two procedural routes by which a party may preserve the issue of the arbitrability of a particular dispute for judicial determination. . . . A party initially may refuse to submit to an arbitration and instead compel a judicial determination of the issue of arbitrability. . . . Alternatively, the issue of arbitrability may properly be left to an arbitrator or arbitration panel for a determination, along with the merits of the underlying dispute. . . . In the latter situation, a court may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration. . . . As we previously have indicated, a claim that a dispute is not subject to arbitration is an attack on the power of the arbitrator to decide the underlying dispute. . . . Such a claim may be raised

through a collateral judicial action prior to the arbitration, through an application or motion to vacate the arbitration award or through an objection to the confirmation of the arbitration award." (Citations omitted; internal quotation marks omitted.) Id., 392–93.

General Statutes § 52-418 (a) provides that upon the application of a party to an arbitration, a court "shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-420 (b) provides that no party may bring a motion to vacate an award "after thirty days from the notice of the award to the party to the arbitration who makes the motion." "[A]lthough a party retains the right to a judicial determination of arbitrability until there is a judgment confirming, vacating, modifying or correcting an award, a party seeking to vacate an award on the basis of one or more of the grounds enumerated in § 52-418 must comply with the requirements of § 52-420 (b)." *MBNA America Bank, N.A.* v. *Boata,* supra, 283 Conn. 393.

Our Supreme Court has clarified that the issue of whether an agreement to arbitrate exists, as opposed to whether an arbitrator has disregarded the limits of an arbitration agreement, is not one of the grounds enumerated in § 52-418 and, thus, is not subject to the timeliness provision codified in § 52-420 (b). Id., 395. Accordingly, to the extent that the plaintiff argues that

the operation of § 52-420 (b) precluded the defendant from raising the issue of arbitrability at the time and in the manner that he did, such rationale is without merit.

At this point in our analysis, some recitation of the relevant facts and procedural history in *Boata* is warranted. In that case, the plaintiff bank issued a credit card to the defendant, which he used pursuant to the terms of a written cardholder agreement. Id., 383. The plaintiff claimed that, by providing the defendant with written notice of the amendment, it subsequently amended the cardholder agreement to provide that "any and all claims arising under the cardholder agreement would be submitted to binding arbitration." Id. The plaintiff claimed that, although it was his right, the defendant did not provide any notice to it that he wanted to opt out of this arbitration provision. Id. The defendant contended that he never received the written notice of the amendment. Id., 384.

The plaintiff alleged that the defendant later failed to make payments on an account balance of approximately $45,000. Id. In accordance with the arbitration provision, the plaintiff commenced arbitration proceedings to recover the moneys owed to it by the defendant. Id. "The defendant, representing himself pro se, responded to the plaintiff by claiming, inter alia, that he was never informed that there [was] an [a]rbitration [c]lause, and that he never agreed under any contractual relationship to arbitrate his disputes with [the plaintiff] . . . [and] is not bound by the [arbitration] [a]greement presented by the [plaintiff] . . . . Accordingly, the defendant requested that the arbitrator dismiss the plaintiff's claim." (Internal quotation marks omitted.) Id. The arbitrator issued an award in the plaintiff's favor but "did not address the defendant's claim that he had not agreed to binding arbitration or his related request for dismissal of the plaintiff's claim." Id. After the plaintiff filed an application to confirm the arbitrator's

award, the defendant filed an objection on the ground that "the parties had not entered into a written agreement to arbitrate." Id., 385. The trial court viewed the objection as a motion to vacate brought pursuant to § 52-418 and concluded that, because it was not filed within the thirty day time limit codified in § 52-420 (b), it could not consider it. Id. Thereafter, the court rendered judgment confirming the award. Id. This court reversed the trial court's judgment and remanded the case for a determination of arbitrability. *MBNA America Bank, N.A.* v. *Boata*, 94 Conn. App. 559, 893 A.2d 479 (2006), aff'd, 283 Conn. 381, 926 A.2d 1035 (2007).

In *Boata*, our Supreme Court held that "a challenge to the existence of an arbitration agreement is appropriate at any stage before the court renders judgment confirming the award *if the issue was not waived during the arbitration proceedings.*" (Emphasis added.) *MBNA America Bank, N.A.* v. *Boata*, supra, 283 Conn. 396. The court also held: "[B]ecause a trial court cannot confirm an arbitration award unless the parties expressly have agreed to arbitrate the matter, it follows that a defendant must be allowed to object to the confirmation of that award *if he properly has preserved a claim as to the existence of an arbitration agreement.*" (Emphasis added.) Id., 395. Thus, a party may object to an application to confirm an arbitration award, by challenging whether an arbitration agreement exists, only if such party properly has preserved such issue and has not waived his right to raise such issue before the court.

The defendant's course of conduct in the present case is not in dispute. The defendant did not participate, in any way, in the arbitration proceedings. The defendant did not challenge the arbitrability of the dispute before the arbitrator, either before or after the arbitrator issued his award. It was not until the plaintiff filed in the Superior Court an application to confirm the

award that the defendant challenged whether an agreement to arbitrate existed.

There is no basis on which to conclude that the defendant, by his conduct during the arbitration proceedings, waived his right to challenge the arbitrability of the dispute in the Superior Court. "Waiver is the intentional relinquishment or abandonment of a known right or privilege. . . . Waiver is based upon a species of the principle of estoppel and where applicable it will be enforced as the estoppel would be enforced. . . . Estoppel has its roots in equity and stems from the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed. . . . Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . In other words, waiver may be inferred from the circumstances if it is reasonable to do so. . . . The waiver doctrine applies to arbitration because [w]e have made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial." (Citations omitted; internal quotation marks omitted.) *C. R. Klewin Northeast, LLC* v. *Bridgeport*, 282 Conn. 54, 87, 919 A.2d 1002 (2007). Here, the defendant did not make any representations before the arbitrator concerning the arbitrability of the dispute. Also, without challenging the arbitrability of the dispute before the arbitrator, he did not implicitly convey that the dispute was arbitrable, such as by presenting evidence or otherwise arguing the merits of his case before the arbitrator. Instead, he did not participate in the arbitration proceedings in any way, and his inaction under the circumstances present cannot reasonably be interpreted as a waiver of the issue he raised before the court.

We next consider whether the defendant preserved his claim that the dispute was not arbitrable. Generally, to preserve an issue for review, a party must, at an appropriate time, object or otherwise assert such issue. A party cannot preserve a claim through inaction but, instead, must engage in affirmative conduct at an appropriate time. In *Boata*, our Supreme Court deemed it integral to its holding that the defendant had "preserved the issue of whether there was an agreement to arbitrate during the arbitration proceedings . . . ." *MBNA America Bank, N.A.* v. *Boata*, supra, 283 Conn. 396. As the court noted, the defendant in *Boata* requested that the arbitrator dismiss the plaintiff's claim. Id., 384. We interpret *Boata* to hold that a party must preserve its arbitrability claim by asserting such claim during the underlying arbitration proceedings. In the present context, the defendant could have preserved his claim that an agreement to arbitrate did not exist by, inter alia, compelling a judicial determination of the issue of arbitrability or raising the issue for determination by the arbitrator. The defendant, by his inaction, did not preserve his right to challenge the arbitrability of the plaintiff's claim. The court correctly recognized that the defendant had not raised the claim properly and should have declined to afford it review. "[An appellate court] can sustain a right decision although it may have been placed on a wrong ground." (Internal quotation marks omitted.) *Blasko* v. *Commissioner of Revenue Services*, 98 Conn. App. 439, 441 n.3, 910 A.2d 219 (2006). Because we conclude that the court should not have reached the merits of the defendant's motion to dismiss, we affirm its denial of that motion.

II

The defendant next claims that "the trial court's judgment" deprived him of his "fundamental constitutional right to a jury trial." The defendant's analysis may be summed up by his arguments that he did not voluntarily

or knowingly waive his right to have this dispute heard by a jury, that "[t]he waiver was forced on him" and that he was "forced into arbitration as the only remedy for a breach of contract . . . ."

To the extent that this claim is distinguishable from the defendant's claim that an agreement to arbitrate did not exist, which was not properly before the court, it is unpreserved. Our careful review of the record reflects that the defendant did not distinctly raise this claim before the court, and, consequently, the court did not address it. Generally, claims neither addressed nor decided by the trial court are not properly before an appellate tribunal.[2] See *Rivera* v. *Double A Transportation, Inc.*, 248 Conn. 21, 33, 727 A.2d 204 (1999); *Crest Pontiac Cadillac, Inc.* v. *Hadley*, 239 Conn. 437, 444 n.10, 685 A.2d 670 (1996). Accordingly, we decline to review this claim. See Practice Book § 60-5 ("court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial").

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The defendant does not request any type of extraordinary review of this unpreserved claim.