******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# A BETTER WAY WHOLESALE AUTOS, INC. *v.*
# SHANNON GAUSE
## (AC 40033)

DiPentima, C. J., and Moll and Harper, Js.

*Syllabus*

The plaintiff used car dealer sought to vacate an arbitration award in favor
of the defendant in connection with the defendant's purchase of a vehicle
from the plaintiff in which the plaintiff failed to disclose that the vehicle
was a manufacturer buyback. The defendant brought an arbitration
claim against the plaintiff, alleging violations of numerous state and
federal laws related to the sale of the vehicle. The arbitration submission
was unrestricted. The arbitrator found that the vehicle did not have
a windshield sticker or any other conspicuous display disclosing the
vehicle's status as a manufacturer buyback and that the purchase order
failed to clearly and conspicuously disclose its manufacturer buyback
status, as required by statute (§ 42-179 [g] [1]) and state regulation
(§ 42-179-9). The arbitrator concluded that the plaintiff had violated a
provision (§ 42-110b [c]) of the Connecticut Unfair Trade Practices Act
(CUTPA) and awarded the defendant compensatory damages, punitive
damages, attorney's fees and costs. Thereafter, the plaintiff filed an
application to vacate the arbitration award pursuant to the statute (§ 52-
418 [a] [4]) governing the vacating of arbitration awards, and the defen-
dant filed a motion to confirm the award. The trial court denied the
application to vacate and granted the motion to confirm the award,
concluding that there was no manifest disregard of the law by the
arbitrator. On the plaintiff's appeal to this court, *held*:

1. Contrary to the defendant's claim that the appeal was moot because the
   plaintiff failed to oppose her motion to confirm the award, the plaintiff
   could have obtained practical relief through a reversal of the trial court's
   decision denying its application to vacate, as the plaintiff filed its applica-
   tion to vacate prior to the defendant's filing the motion to confirm, and
   the motion to confirm would have been denied had the application to
   vacate been granted; accordingly, the appeal was not moot.

2. The plaintiff could not prevail on its claim that the arbitrator's award of
   punitive damages constituted a manifest disregard of the law pursuant
   to § 52-418 (a) (4): the arbitrator found and the plaintiff conceded in
   its appellate brief and at oral argument before this court that the plain-
   tiff's failure to display prominently the manufacturer buyback disclosure
   on the vehicle and in the purchase order constituted a per se violation
   of CUTPA, and the arbitrator concluded that such violations, in addition
   to the plaintiff's actions of restricting the defendant from testing the
   vehicle, inducing the defendant to execute the purchase documents
   before inspection and attempting to deliver a vehicle that failed to meet
   safety standards, constituted a reckless indifference of the defendant's
   rights to warrant punitive damages under CUTPA; moreover, the arbitra-
   tor acted within his discretion in crediting the defendant's evidence of
   the CUTPA violations against the plaintiff's lack of evidence in rebuttal,
   and because the arbitrator's conclusions did not indicate an extraordi-
   nary lack of fidelity to established legal principles, this court could not
   second-guess his conclusions.

Argued May 29—officially released September 11, 2018

*Procedural History*

Application to vacate an arbitration award, brought to
the Superior Court in the judicial district of Waterbury,
where the defendant filed a motion to confirm the
award; thereafter, the matter was tried to the court, *M.
Taylor, J.*; judgment denying the application to vacate
and granting the motion to confirm, from which the
plaintiff appealed to this court. *Affirmed.*

*Kenneth A. Votre*, for the appellant (plaintiff).

*Richard F. Wareing*, with whom was *Daniel S. Blinn*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, A Better Way Wholesale Autos, Inc., appeals from the judgment of the trial court denying its application to vacate an arbitration award and granting the motion to confirm that award in favor of the defendant, Shannon Gause. The plaintiff claims that the court erred because the arbitrator's award of punitive damages constituted a manifest disregard of the law pursuant to General Statutes § 52-418 (a) (4).[1] We affirm the judgment of the court.

The record reveals the following undisputed facts. The arbitration arose from the defendant's March 8, 2014 purchase of a 2004 Cadillac SRX automobile from the plaintiff, an automotive dealer engaged in selling used cars. After purchasing the vehicle, the defendant discovered that the plaintiff had failed to disclose that the vehicle was a manufacturer buyback.[2] Upon this discovery, the defendant requested copies of the purchase order from the plaintiff but was denied. Subsequently, the defendant was forced to spend additional money to repair the vehicle's defects.

The defendant brought an arbitration claim against the plaintiff on May 6, 2016, alleging violations of numerous state and federal laws in connection with the sale. In his decision, the arbitrator found that the vehicle did not have a windshield sticker or any other conspicuous display disclosing the vehicle's status as a manufacturer buyback, as required by General Statutes § 42-179 (g) (1) and § 42-179-9 of the Regulations of Connecticut State Agencies. The arbitrator also found that the purchase order for the vehicle failed to clearly and conspicuously disclose the vehicle's status as a manufacturer buyback, also required by § 42-179 (g) (1) and § 42-179-9 of the Regulations of Connecticut State Agencies. On the basis of these findings, as well as identifying a Federal Trade Commission violation and other defects, the arbitrator concluded that the plaintiff had violated the Connecticut Unfair Trade Practices Act (CUTPA), specifically General Statutes § 42-110b (c). The arbitrator awarded the defendant $1279 in compensatory damages, $5000 in punitive damages,[3] and $10,817.02 in attorney's fees and costs, amounting to a total award of $17,096.02.

The plaintiff subsequently filed an application to vacate and the defendant filed a motion to confirm the award with the Superior Court. In a memorandum of decision dated December 30, 2016, the court found that the factual and legal allegations the defendant made in her arbitration submission supported the award. The court determined that the arbitrator's decision did not "represent an egregious misperformance of duty or a patently irrational application of legal principles." Accordingly, the court concluded that there was no manifest disregard of the law and, subsequently,

granted the defendant's motion to confirm the arbitration award and denied the plaintiff's application to vacate. This appeal followed.

Before turning to the merits of the appeal, we must first address the defendant's claim that this appeal is moot because the plaintiff failed to oppose her motion to confirm the award. We reject this argument. "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *Shays* v. *Local Grievance Committee*, 197 Conn. 566, 571, 499 A.2d 1158 (1985).

"General Statutes § 52-417 provides that in ruling on an application to confirm an arbitration award, the court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in [General Statutes §§ 52-418 and 52-419. . . . The trial court lacks any discretion in confirming the arbitration award, unless the award suffers from any of the defects described in . . . §§ 52-418 and 52-419." (Emphasis omitted; footnotes omitted; internal quotation marks omitted.) *Amalgamated Transit Union Local 1588* v. *Laidlaw Transit, Inc.*, 33 Conn. App. 1, 3–4, 632 A.2d 713 (1993); see also General Statutes §§ 52-418 and 52-419. The plaintiff commenced this special statutory proceeding by filing an application to vacate pursuant to § 52-418 prior to the defendant's filing her motion to confirm. The motion to confirm would have been denied had the application to vacate been granted. Thus, the plaintiff could obtain practical relief through a reversal of the court's decision denying the application to vacate. Accordingly, the plaintiff's claim is not moot.

We turn to the plaintiff's claim that the arbitrator's award of punitive damages constituted a manifest disregard of the law pursuant to § 52-418 (a) (4).[4] The arbitration in this case was an unrestricted submission.[5] Of the three grounds that our Supreme Court has recognized for vacating an award based on an unrestricted submission, the plaintiff argues only that "the award contravenes one or more of the statutory proscriptions of § 52-418." *Garrity* v. *McCaskey*, 223 Conn. 1, 6, 612 A.2d 742 (1992).

"[A] claim that the arbitrators have exceeded their powers may be established under § 52-418 in either one of two ways: (1) the award fails to conform to the submission, or, in other words, falls outside the scope of the submission; or (2) the arbitrators manifestly disregarded the law." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 85, 881 A.2d 139 (2005). "A trial court's decision to vacate an arbitrator's award under § 52-418 involves questions

of law and, thus, we review them de novo." *Bridgeport* v. *Kasper Group., Inc.*, 278 Conn. 466, 475, 899 A.2d 523 (2006).

To vacate an arbitration award on the ground that the arbitrator manifestly disregarded the law, three elements must be met: "(1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable." (Internal quotation marks omitted.) *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 273 Conn. 86, 95, 868 A.2d 47 (2005).

Applying these elements, we disagree with the plaintiff that the award of punitive damages constituted a manifest disregard of the law. Awarding punitive damages under CUTPA is discretionary. General Statutes § 42-110g (a).[6] The arbitrator found that the plaintiff's failure to display prominently the manufacturer buyback disclosure on the vehicle and in the purchase order constituted a per se violation of CUTPA. The plaintiff conceded that this failure constituted a statutory violation, both in its appellate brief and during oral argument before this court. The arbitrator concluded that such violations, in addition to the plaintiff's actions of restricting the defendant from testing the vehicle, inducing the defendant to execute the purchase documents before inspection, and attempting to deliver a vehicle that failed to meet safety standards, constituted a reckless indifference of the defendant's rights to warrant punitive damages under CUTPA. See *Ulbrich* v. *Groth*, 310 Conn. 375, 446, 78 A.3d 76 (2013) (punitive damages under CUTPA warranted where "bank's failure to inform the plaintiffs that . . . personal property located at the . . . facility at the time of the auction was not included in the sale . . . involved a conscious decision to disregard acknowledged business norms"). Furthermore, the arbitrator acted within his discretion in crediting the defendant's evidence of the CUTPA violations against the plaintiff's lack of evidence in rebuttal. Thus, because the arbitrator's conclusions do not indicate an "extraordinary lack of fidelity to established legal principles," we cannot second-guess his conclusions. *Garrity* v. *McCaskey*, supra, 223 Conn. 10; see, e.g., *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, supra, 273 Conn. 96 ("[a]s we have stated . . . courts do not review the evidence or otherwise second-guess an arbitration panel's factual determinations when the arbitration submission is unrestricted"). We therefore conclude the court properly confirmed the arbitration award and denied the application to vacate the award.

The judgment is affirmed.

[1] The plaintiff additionally claims that the award of a nearly 4 to 1 punitive to compensatory damages ratio "border[s] on a constitutional deprivation of property." During oral argument before this court, the plaintiff conceded that this ratio claim was not raised before the trial court; accordingly, the claim is unpreserved, and we will not address it. See, e.g., *MBNA America Bank, N.A.* v. *Bailey*, 104 Conn. App. 457, 468, 934 A.2d 316 (2007) ("[g]enerally, claims neither addressed nor decided by the trial court are not properly before an appellate tribunal").

General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[2] Manufacturer buyback refers to a nonconforming motor vehicle, commonly referred as a "lemon," which is returned to the manufacturer due to a defect. General Statutes § 42-179; see *Cagiva North America, Inc.* v. *Schenk*, 239 Conn. 1, 6, 680 A.2d 964 (1996) ("The Lemon Law [§ 42-179 et seq.] is a remedial statute that protects purchasers of new passenger motor vehicles. It was designed to compel manufacturers of passenger motor vehicles to fulfill all express warranties made to consumers, and to facilitate a consumer's recovery against the manufacturer of a defective vehicle should a dispute arise.").

[3] The actual award of damages was $5000 in punitive damages and $1279 compensatory damages, which was slightly less than the 4 to 1 ratio that the plaintiff asserts in its appellate brief.

[4] The defendant additionally argues that the plaintiff failed to preserve the claim regarding the punitive damages awarded, thus precluding this court from reviewing that claim. We disagree and determine that the plaintiff sufficiently preserved this claim pursuant to Practice Book § 60-5. "[B]ecause our review is limited to matters in the record, we . . . will not address issues not decided by the trial court." (Internal quotation marks omitted.) *Burnham* v. *Karl & Gelb, P.C.*, 252 Conn. 153, 171, 745 A.2d 178 (2000). Although the plaintiff did not discuss the issue of punitive damages in its memorandum of law supporting its application to vacate, it did identify the awarding of punitive damages as an area of concern during oral argument on the application and the motion to confirm. Thus, such arguments are in the record.

Furthermore, we can properly review the plaintiff's argument because it is an argument, not a claim. See *Michael T.* v. *Commissioner of Correction*, 319 Conn. 623, 635 n.7, 126 A.3d 558 (2015) ("[w]e may . . . review legal arguments that differ from those raised before the trial court if they are subsumed within or intertwined with arguments related to the legal claim raised at trial" [internal quotation marks omitted]). In the present case, the plaintiff's argument regarding punitive damages is subsumed within its legal claim raised before the trial court that the arbitrator's award was a manifest disregard of the law. See id.; see also *State* v. *Fernando A.*, 294 Conn. 1, 31 n.26, 981 A.2d 427 (2009) ("[although] the plaintiff did not [previously] raise . . . all of the theories that he raises in his writ . . . those theories are related to a single legal claim, and . . . there is substantial overlap between these theories under the case law" [internal quotation marks omitted]). As such, this argument is sufficiently intertwined with previous claims and properly preserved for appeal.

To the extent that the plaintiff contends that its ratio claim; see footnote 1 of this opinion; is also subsumed or intertwined with its punitive damages claim, we disagree. The ratio claim is of a constitutional due process nature and not an argument within its claim under § 52-418. See, e.g., *BMW of North America, Inc.* v. *Gore*, 517 U.S. 559, 580–83, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996).

[5] Unrestricted submission refers to the type of arbitration agreement entered into by the parties. "A submission is unrestricted when . . . the parties' arbitration agreement contains no language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review." (Internal quotation marks omitted.) *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 273 Conn. 86, 89 n.3, 868 A.2d 47 (2005).

[6] General Statutes § 42-110g (a) provides: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or

defendant resides or has his principal place of business or is doing business, to recover actual damages. Proof of public interest or public injury shall not be required in any action brought under this section. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper."

---